UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:08-CR-130(01) RM |
| | ) | |
| TAMARES HARRIS | ) | |

OPINION and ORDER

Tamares Harris pleaded guilty in February 2009 to distributing more than five grams of crack cocaine and was sentenced on April 24, 2009 to a 84-month term of incarceration to be followed by a four-year supervised release term. Mr. Harris didn't file an appeal. He is now before the court seeking modification of his sentence based on the Fair Sentencing Act of 2010 and amendments to the Sentencing Guidelines. Mr. Harris claims that the ratio between powder and crack cocaine has been lowered, and were he to be sentenced today under the 2010 version of the sentencing guidelines, his possession of 45 grams of crack cocaine would result in a lower sentence, so his sentence should be modified accordingly.

Modification of a term of imprisonment is governed by 18 U.S.C. § 3582(c)(2), which permits a court to modify a term of imprisonment if the defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." No amendment to the Sentencing Guidelines lowered Mr. Harris's sentencing range. Section 2D1.1(c)(6) of the 2010 sentencing guidelines provides

that Mr. Harris's possession of 45.51 grams of crack cocaine would result in a base offense level of 28 [applicable to "at least 35 G but less than 50 G of cocaine base"], just as that section did in the 2008 version of the guidelines that were applicable to Mr. Harris's sentencing. Too, courts that have addressed the Fair Sentencing Act of 2010 have concluded that the Act doesn't operate retroactively to cases, like Mr. Harris's, where the sentence was imposed before the Act's effective date of August 2010.[1] Thus, Mr. Harris isn't entitled to the relief he seeks. *See* United States v. Jackson, 573 F.3d 398, 399 (7th Cir. 2009) ("District courts only possess [the] authority [to modify a sentence] when two conditions have been met. First, an amendment to the Sentencing Guidelines must specifically be listed as having retroactive effect; and second, the amendment must lower the defendant's guideline range. All other cases are outside the congressional grant of authority to district courts to modify sentences that have already been imposed.").

Based on these reasons, the court DENIES Mr. Harris's motion for modification of his sentence under 18 U.S.C. § 3582(c)(2) [docket # 20].

SO ORDERED.

---

[1] *See* United States v. Bell, Nos. 09-3908, 09-3914, 2010 WL 4103700, at *10-*11 (7th Cir. Oct. 20, 2010) ("[W]e conclude that the [Fair Sentencing Act of 2010] is not retroactive . . . . since the FSA does not contain so much as a hint that Congress intended it to apply retroactively."); *see also* United States v. Glover, No. 09-1725-cr, 2010 WL 4250060, at *2 (2d Cir. Oct. 27, 2010) (same); United States v. Brewer, No. 09-3909, 2010 WL 4117368, at *7 n.7 (8th Cir. Oct. 21, 2010) ("[T]he Fair Sentencing Act contains no express statement that it is retroactive, and thus the "general savings statute," 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed."); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010) (same); United States v. Carradine, 621 F.3d 575, (6th Cir. 2010) (same).

ENTERED:  December 8, 2010

                                           /s/ Robert L. Miller, Jr.
                                         Judge, United States District Court

cc:    T. Harris
        AUSA Schaffer